IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEROY MONTGOMERY<br>22 Robinson Street<br>New Castle, Pennsylvania 16101<br><br>Plaintiff,<br><br>vs.<br><br>PENSION BENEFIT GUARANTY<br>CORPORATION, as statutory<br>trustee and guarantor of the<br>LTV Steel Hourly Pension<br>Plan<br>1200 K STREET, N.W.<br>WASHINGTON, D.C.  20005-4026<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.<br><br>COMPLAINT<br><br><br><br><br>FILED ON BEHALF OF:<br>Plaintiff, Leroy Montgomery<br><br>COUNSEL OF RECORD FOR<br>PARTY:<br>Neal A. Sanders, Esquire<br>D.C. Bar No. 318212<br>Law Offices of Neal A. Sanders<br>1924 North Main Street Ext.<br>Butler, Pennsylvania  16001<br><br>(724) 282-7771 |

## COMPLAINT

Plaintiff Leroy Montgomery, complaining of Defendant, Pension Benefit Guarantee Corporation, alleges as follows:

### PARTIES

1. Plaintiff, Leroy Montgomery, is an individual citizen who currently resides at 22 Robinson Street, New Castle, Pennsylvania 16101.

2. Defendant, Pension Benefit Guarantee Corporation ("PBGC"), is a corporation wholly owned by the United States Government with offices located at 1200 K Street, N.W., Washington, D.C. 20005-4026. The PBGC administers and enforces Title IV of ERISA. As a result, the PBGC is that statutory guarantor and statutory trustee of the LTV Steel Hourly Pension Plan ("Plan").

## JURISDICTION

3. This action seeks judicial review of the PBGC's February 4, 2005 determination concerning Plaintiff's eligibility for benefits under the Plan.

4. Jurisdiction over Count I of this action is conferred upon this Court by 29 U.S.C. §1303(f)(2)©.

## COUNT I

6. On or about March 31, 2002, the PBGC assumed responsibility for the LTV Steel Hourly Pension Plan, which had been amended and restated effective November 1, 1999.

7. The LTV Steel Hourly Pension Plan, amended and restated effective November 1, 1999, was the successor to the Pension Plan for Hourly Employees of Youngstown Sheet and Tube Company and Affiliates ("YS&T Plan").

8. Plaintiff was employed by LTV Steel/Youngstown Sheet and Tube Company ("YS&T") from May 19, 1959 through June 1973. A time sheet showing Plaintiff being paid through June 1973 is attached hereto as Exhibit 1.

9. As an employee of LTV Steel/YS&T, Plaintiff was a participant in the YS&T Plan.

10. In Case Number 195240, Plaintiff filed a claim with PBGC for pension benefits under the YS&T Plan.

11. By letter dated February 4, 2005, PBGC denied Plaintiff's claim on the basis that Plaintiff did not satisfy the YS&T Plan requirement of 15 years of continuous service. A true and correct

copy of this letter, and the relevant portions of the plan to which it refers, is attached hereto as Exhibit 2. This letter acknowledges that Plaintiff had exhausted his administrative remedies.

12. By letter dated May 13, 2005, the PBGC reaffirmed its determination and made the additional finding that the 15 year vesting requirement was not unreasonable. A true and correct copy of this letter is attached hereto as Exhibit 3.

13. The February 4, 2005 determination, as supplemented by the May 13, 2005 letter, was an abuse of discretion and was not in accordance with law for the following reasons:

    a. During his employment, Plaintiff had worked a substantial number of overtime hours such that he effectively had far more than 15 years of continuous service;

    b. Plaintiff believes, and therefor avers, that hours of service, and not calender years of service, were previously used to determine pension eligibility for other plan participants whose employment ended prior to January 1, 1974;

    c. The 15 year vesting requirement was unreasonable and unconscionable as it was not disclosed to Plaintiff or other plan participants during his employment and was, in fact, actively concealed by company officials.

14. As a result of PBGC's actions, as set forth herein, Plaintiff has wrongfully been denied pension benefits to which he is entitled.

15. Plaintiff reached normal retirement age on or about January 27, 1995. (Exhibit 4, Application for Pension)(Exhibit 5, Right to Sue Notice dated June 11, 2007)

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and direct the Pension Benefit Guaranty Corporation, as guarantor and statutory trustee of the LTV Steel Hourly Pension Plan, to pay Plaintiff the pension benefits to which he is entitled under said plan retroactive to his normal retirement date and any other equitable relief the Court may deem appropriate.

Respectfully submitted,
LAW OFFICES OF NEAL A. SANDERS,

Dated: November 28, 2007        By: _____
                                Neal A. Sanders, Esquire
                                D.C. Bar No. 318212
                                Counsel for Plaintiff,
                                Leroy Montgomery


Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, Pennsylvania 16001

(724) 282-7771

4

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
LEROY MONTGOMERY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
PENSION BENEFIT GUARANTY CORPORATION

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

NEAL A. SANDERS, ESQUIRE
LAW OFFICES OF NEAL A. SANDERS
1924 NORTH MAIN STREET EXT.
BUTLER, PENNSYLVANIA  16001

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. SS1303(f) (2)c    Pre-ERISA

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 100,000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 10/8/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

```
COMMONWEALTH OF PENNSYLVANIA    :
                                :   ss.
COUNTY OF BUTLER                :
```

### AFFIDAVIT

I, Leroy Montgomery, hereby swear that I am the Plaintiff in the within action and that I have read the foregoing **Complaint** and that the allegations contained therein are true and correct to the best of my knowledge, information and belief. I understand that the statements of fact made herein are made subject to the penalties of perjury.

_____          _____
Date                             Leroy Mongtomery

WITNESSED BY:

_____          _____
Date                             Neal A. Sanders, Esquire

```
                                                              UNIT:EDE      DEQR    PG:003
RY  DATE:01/06/03   AN: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   DOC:210                       .00  1-0454-26-0243  01498M
                                     914.70                        .00  1-0676-26-0285  01498M
0669 WA                    0004 L  MONTGO    502.49                .00  1-0711-50-1181  01498M
0669 WA   341037661        0004 L  MONTGO   1865.00                .00  1-0675-78-1086  01498M
0969 WA                    0004 L  MONTGO   2415.56
1269 WA                    0004 L  MONTGO

    340634320      YOUNGSTOWN SHEET & TUBE CO

         EIN 341037661
         YOUNGSTOWN SHEET & TUBE COMPANY
         % TAX DEPT
         1600 W CARSON ST
         PITTSBURGH            PA   15219-0000
                                                                   .00  1-0657-04-1084  01498M
0370 WA   341037661        0004 L  MONTGO   2133.23                .00  1-0669-25-1095  01498M
0670 WA                    0004 L  MONTGO   2528.76                .00  1-0676-50-1100  01498M
0970 WA                    0004 L  MONTGO   2818.55                .00  1-0655-75-1128  01498M
1270 WA                    0004 L  MONTGO    319.46

    341037661      YOUNGSTOWN SHEET & TUBE COMPANY
                                                                   .00  1-0675-01-1104  01498M
0371 WA   341037661        0004 L  MONTGO   1671.25                .00  1-0686-25-1479  01498M
0671 WA                    0004 L  MONTGO   2459.08                .00  1-0647-51-1198  01498M
0971 WA                    0004 L  MONTGO   2660.03                .00  1-0001-85-1531  01498M
1271 WA   340229988             L  MONTGO     62.48                .00  1-0586-75-1199  01498M
1271 WA   341037661        0004 L  MONTGO   1009.64

    341037661      YOUNGSTOWN SHEET & TUBE COMPANY

         EIN 340229988
         USW REGION 1 LOCAL 01418
         % ARLETTE GATEWOOD ADM
         201 OHIO AVE
         MCDONALD              OH   44437-1959
                                                                   .00  1-0626-03-1329  01498M
0372 WA   341037661        0004 L  MONTGO   1956.88                .00  1-0657-25-1139  01498M
0672 WA                    0004 L  MONTGO   2067.77                .00  1-0651-52-1192  01498M
0972 WA                    0004 L  MONTGO   1918.01                .00  1-0638-75-1193  01498M
1272 WA                    0004 L  MONTGO   2172.77

    341037661      YOUNGSTOWN SHEET & TUBE COMPANY
                                                                   .00  1-0681-01-1212  01498M
0373 WA   341037661        0004 L  MONTGO   1387.25 ✓              .00  1-0003-44-1382  01498M
0673 WA   340933524             L  MONTGO   3085.94                .00  1-0701-65-8088  01498M
✗ 0673 WA  341037661            L  MONTGO    456.96 *              .00  1-0004-57-1765  01498M
  0973 WA  340933524            L  MONTGO   2207.83                .00  1-0003-83-1456  01498M
  1273 WA                       L  MONTGO   5506.23

    341037661      YOUNGSTOWN SHEET & TUBE COMPANY

         EIN 340933524
         THE EDWARD CORP
         P O BOX 808
         WARREN                OH   44482-0808
```

\* 6-73 Last pay period for LTV



**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

Ms. Vikki Montgomery
4500 Massachusetts Avenue, NW Box 1                February 4, 2005
Washington, DC 20016

Re: Leroy Montgomery, Appeal 2005-0049, Case Number 195240
LTV Steel Hourly Pension Plan (the "Plan")[1]

Dear Ms. Montgomery:

We have reviewed the appeal you filed on behalf of your father, Mr. Leroy Montgomery. On October 5, 2004, PBGC determined your father is not entitled to a benefit. PBGC found your father earned only 13 9/12 years of service instead of the 15 years the Plan required. As explained below, we are denying your appeal.

Your Appeal

In your November 8, 2004 appeal:

- You noted that under current law, your father's service is enough to become vested in a benefit.

You did not dispute that your father earned 13 9/12 years of service, from May 19, 1959 until March 17, 1973. Because his service totaled less than 15 years, the Plan does not provide him a benefit. Please see Enclosure 1.

The 29 USC 1053(a) minimum vesting rules you cite were enacted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. The ERISA minimum vesting rules do not apply to participants such as your father whose service ended before 1974. Thus, the law does not require changing PBGC's determination.

- You stated your father's overtime hours increase his service to the required 15 years.

The Plan measures continuous service from hire date until continuous service is broken, regardless of how many hours are worked. Please see Enclosure 1 pages 46-47. Therefore, overtime may not be used to increase your father's service.

---

[1] successor to the Pension Plan for Hourly Employees of Youngstown Sheet and Tube Company and Affiliates (the "Youngstown Plan")

- 3 -

(ii) Your father did not satisfy the disability requirement when his continuous service was broken March 17, 1973.

- You stated others who worked at LTV fewer years than your father are receiving pensions.

Plan provisions are complicated and have varying effective dates. For example, with only 5 years of service a Plan participant who worked after 1988 could earn a vested benefit. Thus, seemingly similarly-situated participants may be affected by different Plan provisions. Therefore, other participants receiving a benefit with less service than your father do not show your father is entitled to a benefit.

*Where to Submit Any New Evidence*

PBGC will always, even after an appeal is closed, consider any new, specific evidence that you may be entitled to a different benefit. If you obtain any such evidence, please call PBGC's Customer Contact Center at 1-800-400-7242.

Decision

Having applied the Law and the Plan provisions to the facts in this case, we must deny your appeal. This letter concludes your administrative remedies with respect to PBGC's October 5, 2004 determination. You may, if you wish, seek court review of PBGC's determination with respect to the issues you raised. Thank you for your patience during our careful review of your appeal.

Sincerely,

*[signature]*

William D. Ellis
Appeals Board Member

Enclosures:
1) Relevant pages from the July 31, 1972 USW-YS&T Pension Agreement (7 pages)
2) Comparable pages from YS&T's May 31, 1973 Salaried Non-Union Employees Revised Retirement Plan (11 pages)

Cc:  Mr. Leroy Montgomery
     22 Robinson Street
     New Castle, PA 16101



**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026
www.pbgc.gov

May 13, 2005

Mr. Leroy Montgomery
22 Robinson Street
New Castle, Pennsylvania 16101

Re:  Appeal 2005-0049, Case Number 195240
     LTV Steel Hourly Pension Plan (the "Plan")[1]

Dear Mr. Montgomery:

We are responding to your May 6, 2005 letter following our May 5, 2005 telephone conversation. We discussed our February 4, 2005 decision denying your appeal. You also told me you stopped working at LTV because you found the working environment was unhealthy. You stated the LTV working environment ultimately caused lung cancer your doctors discovered in a 1988 x-ray.

With your May 6, 2005 letter, you enclosed the following documents:

- A PBGC Facts sheet stating PBGC ensures pension plan participants are paid guaranteed benefits.

  We found you have no guaranteed benefit because you did not satisfy the Plan's requirements. Please see Enclosure 1.

- A copy of a 1991 Social Security Disability Insurance Award.

  We explained in our February 4, 2005 letter the 1991 Social Security award does not entitle you to a Plan benefit because:

  (i) Your 13 9/12 years of continuous service are less than the 15 years the Plan required, and

  (ii) You did not satisfy the disability requirement when your continuous service was broken March 17, 1973.

- A newspaper article explaining PBGC is holding $75 million in unclaimed pension benefits for thousands of Americans.

  Because we have determined you are not entitled to a Plan benefit, that article does not apply to you.

- A summary of a court decision stating:

---

[1] successor to the Pension Plan for Hourly Employees of Youngstown Sheet and Tube Company and Affiliates (the "Youngstown Plan")

- 2 -

Pension plan's 15-year vesting requirement is unreasonable, despite the fact that it was adopted prior to enactment of ERISA, where effect is to deny pension plan participation to 96 per cent of potentially covered participants.

That case does not provide you a basis for relief because it was decided based on its particular facts, involving the Labor Relations Act. We've seen no evidence that the Plan's vesting rules adversely affected percentages of employees comparable to 96 per cent. Therefore, the court decision you cite does not appear to be relevant to the Plan's vesting rules.

- You enclosed a published explanation that the law requires vesting either on a participant's "65th birthday or on the 10th anniversary of his joining the plan whichever occurred later, unless plan itself allowed earlier vesting, an employees. 19th month break in service does not affect such vesting."

The legal explanation you enclosed describes the requirement of the Employee Retirement Income Security Act of 1974 ("ERISA"). The ERISA rules do not apply to you because your continuous service ended in 1973.

- An explanation of ERISA-permitted rules for accruing benefits.

Those rules do not apply to vesting and also do not apply to you because your continuous service ended in 1973, before ERISA's effective date.

Our February 4, 2005 letter concluded your administrative remedies with respect to PBGC's October 5, 2004 determination. As we stated, you may, if you wish, seek court review of PBGC's determination with respect to the issues you raised.

Sincerely,

*[signature]*

William D. Ellis
Appeals Board Member

Enclosures:

1) Copy of our February 4, 2005 decision (21 pages, including Enclosures)

Form W-2254 (Rev. 5/73)    YOUNGSTOWN SHEET AND TUBE COMPANY AND CERTAIN SUBSIDIARY COMPANIES

## APPLICATION FOR PENSION

**Company:** LTV Steel Company (YS&T)　　**Works or Office:** Campbell Works　　**Pension Number:** _____

TO THE CHAIRMAN, GENERAL PENSION BOARD
GENERAL OFFICE
YOUNGSTOWN, OHIO

Effective Date of Retirement: March 31, 1973
Effective Date of Pension: June 30, 1991

I hereby make application for pension in accordance with the rules and regulations set forth in the Pension Agreement effective July 31, 1972, and submit the following record as basis for such pension.

Effective Date of Special Payment: June 30, 1991
Effective Date of Regular Monthly Pension Payment: _____

1) FULL NAME: Leroy Montgomery　　PAYROLL NO. 17508　　SOC. SEC. NO. [redacted]
2) ADDRESS: _____
3) DATE OF BIRTH: January 27, 1930　　Age at Pension: 61.417　　AGE AT RETIREMENT: 43.167 DECIMAL YEARS
4) PRESENT OCCUPATION: Coupling Grinder　　DEPARTMENT: Coupling
5) DATE EMPLOYED: May 19, 1959　　DATE LAST WORKED: March 17, 1973
6) ELIGIBLE FOR: Public Pension ____ (Yes or No)　　VACATION PAID FROM ____ TO ____
　　Other Pension ____ (Yes or No)　　FROM ____ TO ____
7) INSURANCE DEDUCTION AUTHORIZATION ____ (Yes or No)　　FROM ____ TO ____
8) TYPE OF PENSION: ( ) Normal　( ) 30 Year　( ) 60/15　( ) 70/80　( ) Permanent Incapacity　(X) Deferred Vested

### RECORD OF EMPLOYMENT

| COMPANY | FROM Mo. | Day | Yr. | TO Mo. | Day | Yr. | Yrs. | Mos. | Days |
|---|---|---|---|---|---|---|---|---|---|
| LTV (YS&T) | 5 | 19 | 59 | 4 | 13 | 64 | 4 | 10 | 25 |
| LTV (YS&T) | 5 | 26 | 64 | 3 | 31 | 73 | 8 | 10 | 6 |
| (Explain all absences appearing on employment record on reverse side) TOTAL SERVICE AND EARNINGS | | | | | | | 13 | 9 | 1 |

Annual earnings for last 120 full calendar months employment prior to date of retirement.
From: _____
To: _____
$ _____

AVERAGE MONTHLY EARNINGS (Divide total earnings shown by ____ months) $ _____

Date and Title of Document Establishing Date of Birth: _____

Continuous Service Certified Correct:
6-10-91
Supervisor of Employment　　Date
Admin. - Employment Programs

**SPECIAL PAYMENT**
Gross $ ____　　Less Vacation Payment Received $ ____　　Net $ ____

**COMPUTATION OF MONTHLY PENSION**

| | | PERCENT | MONTHLY PENSION |
|---|---|---|---|
| (1) THE PERCENT PENSION | | | |
| Decimal Years of Service (Not to exceed 30 Years) | × 1.1% | % | |
| Decimal Years of Service (Exceeding 30 Years) | × 1.2% | % | |
| Total Decimal Years of Service | Total Percent | % | |
| Average Monthly Earnings $ | Total × Percent | % | $ |
| (2) THE MINIMUM PENSION | | | |
| Decimal Years of Service (Not to exceed 15 Years) | × $8.00 | | |
| Decimal Years of Service (Exceeding 15 Years but not to exceed 30 Years) | × $9.00 | | |
| Decimal Years of Service (Exceeding 30 Years) | × $10.00 | | |
| Total Decimal Years of Service | Total | | |

(3) PERMANENT INCAPACITY PENSION WHEN DISABILITY SOCIAL SECURITY IS DENIED

AUTHORIZATION OF GENERAL PENSION BOARD

Monthly Amount Payable to Pensioner $ _____
Date Effective _____
Month Reported to Trustee _____
Monthly Amount Payable to Co-pensioner $ _____
Date Effective _____
Month Reported to Trustee _____

**AFFIDAVIT OF EMPLOYEE**

State of ~~Ohio~~ Pennsylvania

County of ~~Mahoning~~ Lawrence  SS:

Leroy Montgomery, Name of Employee, being duly sworn deposes and says that he is the employee of LTV (YS&T), Company, named and described in the Application for a Pension appearing on the reverse side of this form, that he has carefully read the answers to the questions set forth in lines (1) through (8), that he is familiar with the information given in said application and that the said answers and information in lines (1) through (8) are true and correct to his best knowledge and belief:

× Leroy Montgomery
Signature of Employee

Subscribed and sworn to before me
This 22nd day of May 2006

(NOTARY PUBLIC)

OFFICIAL SEAL
JANET L. KALAJAINEN
REGISTER & RECORDER
LAWRENCE COUNTY, PA
My commission expires first Monday in Jan. 2010

My commission expires _____ 19__

Absences appearing on Employment Records of one calendar month or more:

| REASON | INCLUSIVE DATE FROM Mo. | Day | Yr. | TO Mo. | Day | Yr. | TOTAL PERIOD Yrs. | Mos. | Days | REASON | INCLUSIVE DATE FROM Mo. | Day | Yr. | TO Mo. | Day | Yr. | TOTAL PERIOD Yrs. | Mos. | Days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | |

Calendar months to be deducted when computing average monthly earnings _____

Continuous Absences appearing on Employment Records of more than two years:

| REASON | INCLUSIVE DATE FROM Mo. | Day | Yr. | TO Mo. | Day | Yr. | TOTAL PERIOD Yrs. | Mos. | Days |
|---|---|---|---|---|---|---|---|---|---|
| LTV (YS&T) | 4 | 14 | 62 | 5 | 25 | 64 | 2 | 1 | 12 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

**WORKMEN'S COMPENSATION PAYMENTS**

Is the applicant either receiving Workmen's Compensation payments or is his claim for such payments pending? No (Yes or No)

If yes, attach a letter from the Workmen's Compensation Department that gives complete details concerning the background, payments and status of the Workmen's Compensation claim.

REMARKS

# MICHIGAN PENSION RIGHTS PROJECT
3815 W. Saint Joseph St., Suite C200
Lansing, MI 48917
1-866-735-7737 Fax 517-372-0792
www.mprponline.org

June 11, 2007

Leroy Montgomery
22 Robinson St.
New Castle, PA 16101

Dear Mr. Montgomery,

Thank you for providing us with a wealth of information regarding your past efforts to obtain pension benefits. We have carefully reviewed all of the documents you have provided, as well as the law pertaining to pension benefits from 1973.

From what we can discern, you worked for Youngstown Sheet and Tube Company from May 19, 1959 to March 17, 1973, approximately 13 9/12 years. You started receiving Social Security Disability benefits in June 1991. Also in June 1991, you applied for pension benefits from your employment. Your application was denied.

On November 8, 2004 your daughter filed an appeal with the PBGC. The PBGC, on February 4, 2005 determined that you are not entitled to a benefit. On May 6, 2005 you contacted the PBGC again. In a letter dated May 13, 2005 the PBGC reaffirmed their determination that you are not entitled to a benefit. The PBGC issued a final statement, denying you benefits in June 2006. The PBGC also notified you that you have exhausted all administrative remedies available.

After denial by the PBGC you contacted the Pennsylvania Legal Hotline, who referred you to the Michigan Pension Rights Project (MPRP) for assistance with an employment related concern.

Before 1975, pension benefits were not protected by the federal government. Pension benefits prior to 1975 were private contracts between employers and their employees. There was little regulation in the field of pensions, and many employers abused this. Many people who believed they were entitled to pensions were left without coverage because of the strict standards in their employer's pension contract.

As a response to these mistreatments, the federal government passed the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides protection to pension benefits by setting minimum standards for employee

The Michigan Pension Rights Project (MPRP) is a program of Elder Law of Michigan, Inc. and the Legal Hotline for Michigan Seniors. Elder Law of Michigan, Inc. is a private, non-profit organization. The MPRP is funded in part by the U.S. Administration on Aging, the Michigan State Bar Foundation, the Michigan Office for Services to the Aging and contributions by private donors.

# MICHIGAN PENSION RIGHTS PROJECT

3815 W. Saint Joseph St., Suite C200
Lansing, MI 48917
1-866-735-7737 Fax 517-372-0792
www.mprponline.org

benefit plans. ERISA established standards of conduct, responsibility and disclosure to ensure that employees were receiving benefits that they were entitled to. ERISA is a prospective act. This means that it does not apply to any pension plans before it was enacted. ERISA applies to employment pensions after its date of enactment. Any pension benefits you may have been entitled to receive are governed by the law as it existed in 1973, before the passage and protection of ERISA. The pension plan from your employer effective July 1972 required at least 15 years continuous service to be eligible for a pension benefit. Because your employment ended in 1973, before the passage of ERISA, ERISA's protections do not apply to you.

Unfortunately, you had less than 15 years of continuous service, and are not entitled to pension benefits. The length of time for continuous service is based upon your starting date and ending date, not the amount of hours you worked. Working overtime does not increase the amount of time, in years, that you worked for a company.

After you have reviewed all of the above information, if you still believe you have a legal claim for pension benefits, there is one possible remedy remaining. In Pennsylvania, a decision by an administrative agency may be reviewed by a court of law. A law suit must be filed within three years of the date of the first denial of benefits. If you do not meet this deadline, you will lose your legal rights to dispute the denial of your pension application. If you decide to pursue this matter in court, we advise that you contact a private pension lawyer as soon as possible. The PBGC first denied your appeal on February 4, 2005. You may have until February 4, 2008 to file a suit for judicial review of their determination.

In order to assist you if you decide to seek judicial review, the phone number of the Pennsylvania Bar Association is 1-800-932-0311. They may be able to aid you in finding a lawyer specializing in pension review. MPRP does not represent clients in court. We are an advocate for information for retirees and pensioners, but do not take cases to a court of law for review.

MPRP will now consider this the close of your case. If you currently have, or obtain at a later date, any information that indicates you were employed for a longer period of time, please feel free to contact MPRP and your case will be reopened.

Enclosed with this letter are all of the original copies of letters you have provided for our review. I have photocopied the documents we used in our

The Michigan Pension Rights Project (MPRP) is a program of Elder Law of Michigan, Inc. and the Legal Hotline for Michigan Seniors. Elder Law of Michigan, Inc. is a private, non-profit organization. The MPRP is funded in part by the U.S. Administration on Aging, the Michigan State Bar Foundation, the Michigan Office for Services to the Aging and contributions by private donors.

# MICHIGAN PENSION RIGHTS PROJECT

3815 W. Saint Joseph St., Suite C200
Lansing, MI 48917
1-866-735-7737 Fax 517-372-0792
www.mprponline.org

determination, for our records. Also included are the copies of newspaper and internet research that you have provided for us. I have returned these papers to you to for your convenience, should you decided to seek judicial review of this matter.

We are always looking for ways to improve the quality of our services. We would really appreciate your comments or suggestions. In about 2 weeks, you will receive a call from us to participate in a telephone survey. Your responses to this survey would be greatly valued and will allow us to improve our services.

As a non-profit organization, the MPRP receives only a portion of our funding from the federal government. We also rely on tax-deductible contributions from people like you who use our service. Your donation would allow us to continue providing this service to others with Michigan pension problems.

Sincerely,

*[signature: Jill Stall]*

Jill Stall
Legal Intern
Michigan Pension Rights Project

Enclosures

The Michigan Pension Rights Project (MPRP) is a program of Elder Law of Michigan, Inc. and the Legal Hotline for Michigan Seniors. Elder Law of Michigan, Inc. is a private, non-profit organization. The MPRP is funded in part by the U.S. Administration on Aging, the Michigan State Bar Foundation, the Michigan Office for Services to the Aging and contributions by private donors.