UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY MONTGOMERY,           )<br>                                              )<br>         Plaintiff                    )<br>                                              )<br>         v.                              )<br>                                              )<br>PENSION BENEFIT GUARANTY  )<br>CORPORATION                      )<br>                                              )<br>         Defendant.                 )<br>_____) | Case No. 1:07-CV-02234 |

## JOINT LCvR 16.3 REPORT

Pursuant to LCvR 16.3 and the Court's order dated February 19, 2008, counsel for the Plaintiff and the Defendant conferred via telephone on March 11, 2008. The following is a report of the results of that conference and the matters specified in LCvR 16.3(c):

Statement of the Case

The Defendant, Pension Benefit Guaranty Corporation ("PBGC"), is a United States Government agency that administers the Federal pension insurance program set forth in Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 & Supp.V 2005). Pursuant to an agreement between the Defendant and the LTV Corporation ("LTV"), dated and effective as of March 31, 2002, the Defendant was appointed statutory trustee of the LTV Steel Hourly Pension Plan (the "Plan"), successor to the Pension Plan for Hourly Employees of Youngstown Sheet and

Tube Company and Affiliates (the "YS&T Plan"). The Plaintiff is seeking judicial review of PBGC's determination that he is not entitled to a benefit under the YS&T Plan.

The Administrative Record shows that the Plaintiff was employed by Youngstown Sheet and Tube Company (which was later acquired by LTV) until 1973. The Plaintiff contacted the Defendant on August 30, 2004, asking whether he was eligible for a benefit under the Plan. On September 26, 2004, the Plaintiff's daughter Vicki Montgomery, acting on behalf of her father, filed a claim with the Defendant for pension benefits under the Plan. On February 5, 2005, the Defendant determined that the Plaintiff is not entitled to a benefit under the Plan as he did not satisfy the 15-year continuous service vesting requirement under the YS&T Plan that was in effect at the time he ceased employment in 1973. On December 11, 2007, the Plaintiff brought this action seeking judicial review of the Defendant's February 4, 2005 determination that the Plaintiff is not entitled to a benefit under the Plan. The Plaintiff, on the other hand, contends he is entitled to a benefit under the Plan. The Plaintiff further contends that the Defendant failed to properly advise the Plaintiff during his 1973 exit interview about any failure to vest. Plaintiff also contends that four witnesses will be able to give direct testimony on this issue.

Responses to Local Rule 16.3(c)

1.     The Defendant believes the case can be decided on a motion for summary judgment. Further, the Defendant does not believe that discovery is appropriate in this case because this matter is a judicial review of an agency determination based on an administrative record.

2. The parties do not anticipate joining any other party or amending the pleadings.

3. The parties agree that this matter should not be referred to a Magistrate Judge for any purpose.

4. The parties agree that there is no realistic possibility of settling the case.

5. The parties agree that alternative dispute resolution procedures are not appropriate for this case.

6. The Defendant believes the case can be resolved by summary judgment. The parties have agreed that the Defendant will file a motion for summary judgment no later than May 1, 2008; the Plaintiff will file a response no later than 30 days after the date Defendant's summary judgment motion is served; Defendant may file a reply no later than 15 days after the Plaintiff's response is served. The Plaintiff may file a cross-motion at the same time as the response is served. If such cross-motion is filed, Defendant will file a response not later than 30 days following service of the cross-motion, and Plaintiff may file a reply no later than 15 days after the response is served.

7. This case is exempt from Rule 26(a)(1) initial disclosures as this action seeks a judicial review of an agency decision based on an administrative record.

8. The Defendant believes that discovery is not appropriate in this case. The Plaintiff is seeking a judicial review of a determination made by the Defendant, a Federal agency, and the basis for such determination is set forth in the administrative record. The Defendant has agreed to provide the Plaintiff with a complete copy of the administrative record by April 1, 2008.

9.	The parties agree that expert witnesses will not be called in this case.

10.	Rule 23 proceedings are not applicable as this is not a class action.

11.	The parties agree that this matter should not be bifurcated or managed in phases.

12.	The Defendant believes that this case can be resolved on a motion for summary judgment. Accordingly, the Defendant does not believe that a pretrial conference will be necessary for this case.

The Plaintiff does not believe that this case can be resolved on a motion for summary judgment.

13.	The Defendant does not believe that a firm trial date will be necessary for this case as it believes that this case can be resolved on a motion for summary judgment.

14.	The Defendant does not have any other matters that require inclusion in the scheduling order. The Plaintiff will file a Motion for Leave to Take Four (4) Depositions. The motion will be filed by April 15, 2008, along with a Brief in Support. The Plaintiff believes that the Defendant's motion for summary judgment should be postponed until after the four depositions are completed. The Defendant will oppose the Plaintiff's motion, and believes that there is no reason to delay its filing of a summary judgment motion.

Respectfully submitted on the ___27th___ day of March 2008,

__/s/_Neal A. Sanders_____  　　　_____/s/_Nicole C. Hagan_____
NEAL A. SANDERS  　　　JUDITH R. STARR
D.C. Bar No. 318212  　　　General Counsel
Law Offices of Neal A. Sanders  　　　PHILIP R. HERTZ
1924 North Main Street Ext.  　　　Deputy General Counsel
Butler, Pennsylvania 16001  　　　KENNETH J. COOPER
Tel: (724) 282-7771  　　　Assistant General Counsel
　　　BRUCE H. JAMES
Attorney for Plaintiff  　　　NICOLE C. HAGAN, D.C. Bar #482274
　　　Attorneys
　　　PENSION BENEFIT GUARANTY
　　　CORPORATION
　　　1200 K Street, N.W.
　　　Washington, D.C. 20005-4026
　　　Tel: (202) 326-4400 ext. 6543
　　　Fax: (202) 326-4122

　　　Attorneys for Defendant