UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY MONTGOMERY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>PENSION BENEFIT GUARANTY )<br>CORPORATION )<br>)<br>Defendant. )<br>_____ ) | Case No. 07-CV-02234 |

STATEMENT OF MATERIAL FACTS
OF DEFENDANT PENSION BENEFIT GURANTY CORPORATION
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In support of its Motion for Summary Judgment, the Pension Benefit Guaranty Corporation ("PBGC"), submits the following statement of material facts as to which there is no genuine dispute:

1.  Defendant, PBGC is a wholly owned United States Government corporation and an agency of the United States created under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 and Supp. V 2005), which administers the pension insurance program created under that title.

2.  Plaintiff, Leroy Montgomery, was employed by Youngstown Sheet and Tube Company from May 19, 1959, until March 17, 1973.[1]

3.  Under section 2.6 of the Pension Agreement for employees of Youngstown Sheet and Tube Company, as amended effective July 31, 1972, (the "YS&T Pension Agreement"), a participant is required to have at least 15 years of continuous service and

---

[1] Admin. Rec. at 7.

have attained age 40 to be eligible for a deferred pension benefit under the Pension Plan for Hourly Employees of Youngstown Sheet and Tube Company and Affiliates (the "YS&T Plan").[2]

4. Section 5.1 of the YS&T Pension Agreement provides that continuous service is calculated from the participant's hiring date and is broken when a participant leaves employment.[3]

5. During his years of employment with Youngstown Sheet and Tube Company, Plaintiff earned 13years and 9 months continuous service.[4]

6. Pursuant to an agreement between PBGC and LTV Corporation, dated and effective as of March 31, 2002, PBGC was appointed statutory trustee of the LTV Steel Hourly Pension Plan (the "Plan"), successor to the YS&T Plan.[5]

7. On September 26, 2004, Plaintiff's daughter, Vikki Montgomery, sent a letter to PBGC inquiring about Plaintiff's eligibility for a benefit under the Plan.[6]

8. On October 5, 2004, PBGC sent Plaintiff a Benefit Determination Letter stating that Plaintiff was not entitled to a benefit under the Plan as he did not have 15 years of continuous service as required under the YS&T Plan, which was in effect at the time he ceased employment in 1973.[7]

9. Plaintiff appealed PBGC's October 5, 2004 determination to PBGC's Appeals Board on November 8, 2004.[8]

---

[2] Id. at 122.
[3] Id.
[4] Id.
[5] Id. at 343.
[6] Id. at 4.
[7] Id. at 14.
[8] Id. at 18.

10. On February 4, 2005, PBGC's Appeals Board denied Plaintiff's appeal.[9]

          Respectfully submitted,

          _/s/ Nicole C. Hagan_____
          JUDITH R. STARR
          General Counsel
          PHILIP R. HERTZ
          Deputy General Counsel
          KENNETH J. COOPER
          Assistant General Counsel
          BRUCE H. JAMES, DC Bar #416759
          NICOLE C. HAGAN, DC Bar #482274
          Attorneys
          PENSION BENEFIT GUARANTY
          CORPORATION
          1200 K Street, N.W.
          Washington, D.C.  20005-4026
          Tel: (202) 326-4400, ext. 6543
          Fax: (202) 326-4122

---

[9] Id. at 28.