```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

LEROY MONTGOMERY,                  :
                                   :  Civil Action No. 07-2234(EGS)
         Plaintiff,                :
                                   :
                                   :
v.                                 :
                                   :
                                   :
PENSION BENEFIT GUARANTY           :
CORPORATION,                       :
                                   :  Electronically Filed
         Defendant.                :
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Leroy Montgomery, hereby oppose the Defendant's Motion for Summary Judgment which was made pursuant to Rule 56 of the Federal Rules of Civil Procedure as there are genuine issues of material fact. In support of this opposition, Plaintiff has filed herewith Plaintiff's Concise Statement of Genuine Issues Pursuant to LCvR 7(h) and Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment. The full Administrative Record was filed by the Defendant contemporaneously with its Motion for Summary Judgment.

Wherefore, Plaintiff respectfully requests that the Defendant's Motion for Summary Judgment be denied.

                                                Respectfully submitted,

                                                LAW OFFICES OF NEAL A. SANDERS

Dated: June 1, 2008                   By: /s/Neal A. Sanders
                                              Neal A. Sanders, Esquire
                                              D.C. Bar No. 318212
                                              Counsel for Plaintiff,
                                              Leroy Montgomery

                                              Law Offices of Neal A. Sanders
                                              1924 North Main Street Ext.
                                              Butler, Pennsylvania 16001

                                              (724) 282-7771

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEROY MONTGOMERY, : | |
| : | Civil Action No. 07-2234(EGS) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENSION BENEFIT GUARANTY : | |
| CORPORATION, : | |
| : | Electronically Filed |
| Defendant. : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**I.   STATEMENT OF FACTS**

Plaintiff, Leroy Montgomery[1], was employed by Youngstown Sheet & Tube Company (YS&T) from May 19, 1959 through March 17, 1973. (Administrative Record (AR), p. 7). As an employee of YS&T, Mr. Montgomery was a participant in the Pension Agreement for employees of YS&T and affiliates. (*See, generally,* Admin. Rec. beginning at pages 122 and 152). Plaintiff left his employment with YS&T as he believed the working environment to be unhealthy. (Admin. Rec., pp. 114-115). He was, in fact, subsequently diagnosed with lung cancer, which he attributes to his employment at YS&T. *Id.*

---

[1] As a matter of clarification, at various points in the Administrative Record the claimant is referred to as "The Estate of Leroy Montgomery". Mr. Montgomery is, however, very much alive.

During his employment with YS&T, Plaintiff worked a substantial amount of overtime, the full extent of which was not developed in the administrative record. (Admin. Rec., pp. 18-19).

In June 1991, Plaintiff made an application to LTV Steel Company for pension benefits in connection with his employment at YS&T. (Admin. Rec., p. 7). Although the record does not contain explicit information concerning the disposition of this application, it is apparent that the application was denied. (Admin. Rec., p. 4). In September 2004, after PBGC became the statutory trustee of the Plan, Mr. Montgomery, acting through his daughter and without the assistance of legal counsel, applied to PBGC for pension benefits. (Admin. Rec., pp. 4-5). On October 5, 2004, the PBGC issued a determination letter finding that Plaintiff was not entitled to benefits. (Admin. Rec., p. 14).

On November 8, 2004, Plaintiff, again acting through his daughter, appealed this determination to the PBGC Appeals Board. (Admin. Rec., pp. 18-19). In this appeal letter, Ms. Montgomery notes that during Plaintiff's employment with YS&T, he worked substantial overtime and that other individuals who worked for YS&T for fewer years than Plaintiff are receiving pensions. *Id*.

On February 4, 2005, the Appeals Board denied Plaintiff's appeal. (Admin. Rec., p. 30). The PBGC Appeals Board did not investigate the aforementioned basis for Plaintiff's claim but merely responded: "Plan provisions are complicated and have varying effective dates. For example, with only 5 years of

service a Plan participant who worked after 1988 could earn a vested benefit.  Thus, seemingly similarly situated participants may be affected by different plan provisions.  Therefore, other participants receiving a benefit with less service than your father do not show your father is entitled to a benefit." *Id.*

In this action, Plaintiff is seeking judicial review of the February 4, 2005 determination.

## II.  STANDARD OF REVIEW.

**A.    Summary Judgment Standard**

Under F.R.C.P. 56(c), entry of summary judgment is proper only:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

F.R.C.P.56(c).  The moving party bears the initial burden of identifying for the Court those portions of the record which it believes demonstrate the absence of an issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).

**B.    Administrative Procedure Act (APA) Standards**.

The standard applicable to the review of the determinations of administrative agencies are set forth in 5 U.S.C. § 706, which provides:

> To the extent necessary to decision and when presented,

>   the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall -
>
>       (1)    compel agency action unlawfully withheld or unreasonably delayed; and
>
>       (2)    hold unlawful and set aside agency action, findings, and conclusions found to be -
>
>         (A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>         (B)  contrary to constitutional right, power, privilege, or immunity;
>
>         (C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
>         (D)  without observance of procedure required by law;
>
>         (E)  unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
>         (F)  unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
>   In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

### III. ARGUMENT.

Prior to the time that ERISA was enacted, pension plans were primarily governed by general contract law. *See, generally,*

Inland Steel Company v. United Steelworkers of America, 77 NLRB 4 (1948)(holding that pension plans were subject to collective bargaining).  Like all contracts, collectively bargained agreements, including pension plans, can have implied terms created by the past practice of the parties.  *See* United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 579, 581-2, 46 LRRM 2416, 2418-19 (1960)("The collective bargaining agreement covers the whole employment relationship. It calls into being a new common law - the common law of a particular industry or of a particular plant... [T]he industrial common law - the practices of the industry and the shop - is equally a part of the collective bargaining agreement although not expressed in it.") *See also* Consolidated Rail Corp. v. Railway Labor Executives Assn., 491 U.S. 299, 311, 131 LRRM 2601, 2606 (1989) ("collective-bargaining agreements may include implied as well as express terms."); Bonnell/Tredegar Industries, Inc. v. NLRB,  46 F.3d 339, 344 (4th Cir. 1995) ("An employer's established past practice can become an implied term of a collective bargaining agreement.").

In the November 8, 2004 appeal letter, Plaintiff claimed that he had sufficient overtime hours to entitle him to a pension benefit and that other employees who were employed by YS&T for fewer years than Plaintiff were receiving pension benefits. (Admin. Rec., pp. 18-19).

Thus, Plaintiff claim is, in essence, that YS&T's practice was to calculate a participant's years of continuous service based on the total number of hours worked rather than on the number of calendar years the individual was employed. The existence of this practice can be determined by examining the records to determine if there are or were individuals receiving pensions who retired or resigned with fewer than 15 calendar years of employment prior to the time ERISA was enacted.

The relevant terms of the pension agreement in effect at the time of Plaintiff's resignation neither expressly embrace nor prohibit such a practice. (Admin. Rec., p. 127).

The questions of whether this implied contractual term existed and, if it did, whether Plaintiff had sufficient overtime hours to qualify for a pension benefit under it cannot be answered from the existing administrative record. The Defendant rejected these claims without conducting any investigation or developing any information concerning Plaintiff's overtime hours or whether there were individuals, without other distinguishing characteristics, who resigned or retired prior to 1974 with fewer than 15 calendar years of service, who were given a pension benefit by YS&T. (Admin. Rec., pp. 29-30).

Under the APA, if the record does not support the agency's decision, then the court must remand to the agency for additional investigation or explanation. *See* <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985). ("[I]f the reviewing court

simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

Thus, for the foregoing reasons, there is a genuine issue of material fact concerning whether this matter should be remanded to the PBGC to determine if YS&T's practice created an implied term of the pension agreement under which years of continuous service were calculated based on the number of hours worked rather than on the number of calendar years employed. Accordingly, the Defendant's Motion for Summary Judgment should be denied.

## IV.   CONCLUSION.

For the foregoing reasons, the Defendant's Motion for Summary Judgment should be denied.

                    Respectfully submitted,

                    LAW OFFICES OF NEAL A. SANDERS

Dated: June 1, 2008      By:/s/Neal A. Sanders
                    Neal A. Sanders, Esquire
                    D.C. Bar No. 318212
                    Counsel for Plaintiff,
                    Leroy Montgomery

                    Law Offices of Neal A. Sanders
                    1924 North Main Street Ext.
                    Butler, Pennsylvania 16001

                    (724) 282-7771

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY MONTGOMERY, : | |
| : | Civil Action No. 07-2234(EGS) |
| Plaintiff, : | |
| : | |
| : | |
| v. : | |
| : | |
| : | |
| PENSION BENEFIT GUARANTY : | |
| CORPORATION, : | |
| : | Electronically Filed |
| Defendant. : | |

## PLAINTIFF'S CONCISE STATEMENT OF GENUINE ISSUES PURSUANT TO LCvR 7 (h)

AND NOW, comes Plaintiff, Leroy Montgomery, by and through his undersigned counsel and files the following Concise Statement of Genuine Issues Pursuant to LCvR 7(h):

### I. Response To Defendant's Statement of Material Facts.

1. With regard to Paragraph 1 of the Statement of Material Facts of Defendant Pension Benefit Guarantee Corporation In Support Of Its Motion For Summary Judgment, this averment is admitted.

2. With regard to Defendant's Paragraph 2, this averment is admitted.

3. With regard to Defendant's Paragraph 3, it is admitted that Section 2.6 of the Pension Plan provides as stated.

4.  With regard to Defendant's Paragraph 4, it is admitted that Section 5.1 of the Pension Plan provides as stated.

5.  With regard to Defendant's Paragraph 5, this averment is denied as stated.  While Plaintiff worked 13.75 calendar years for YS&T, the basis of this suit is that YS&T calculated continuous service with reference to the number of hours worked rather than merely calendar years. (Administrative Record, pp. 18-19, ¶¶ 1, 4).

6.  With regard to Defendant's Paragraph 6, these averments are admitted.

7.  With regard to Defendant's Paragraph 7, this averment is admitted.

8.  With regard to Defendant's Paragraph 8, this averment is admitted.

9.  With regard to Defendant's Paragraph 9, this averment is admitted.

10.  With regard to Defendant's Paragraph 10, this averment is admitted.

**II.  Plaintiff's Concise Statement of Additional Material Facts.**

11.  In the November 8, 2004 appeal letter written on behalf of Plaintiff by Ms. Montgomery, Ms. Montgomery notes that during Plaintiff's employment with YS&T, he worked substantial overtime. (Admin. Record, pp. 18-19).  The exact amount of overtime worked is not developed in the administrative record.

12. In the November 8, 2004 letter, Ms. Montgomery also notes that other individuals who worked for YS&T for fewer years than Plaintiff are receiving pensions. (Admin. Record, p. 19).

13. The PBGC Appeals Board did not investigate the aforementioned basis for Plaintiff's claim but merely responded: "Plan provisions are complicated and have varying effective dates.  For example, with only 5 years of service a Plan participant who worked after 1988 could earn a vested benefit.  Thus, seemingly similarly situated participants may be affected by different plan provisions.  Therefore, other participants receiving a benefit with less service than your father do not show your father is entitled to a benefit." (Admin. Record, p. 30).

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Dated: June 1, 2008         By:/s/Neal A. Sanders
                               Neal A. Sanders, Esquire
                               D.C. Bar No. 318212
                               Counsel for Plaintiff,
                               Leroy Montgomery

                               Law Offices of Neal A. Sanders
                               1924 North Main Street Ext.
                               Butler, Pennsylvania 16001

                               (724) 282-7771

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 1st day of June, 2008 a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Concise Statement of Genuine Issues Pursuant to LCvR 7(h), and Proposed Order was served electronically to the following:

               Nicole C. Hagan, Esq.
Pension Benefit Guaranty Corporation
     Office of the General Counsel
        1200 K Street, N.W.
       Washington, D.C.  20005


Dated: June 1, 2008         By:/s/Neal A. Sanders
                                    Neal A. Sanders, Esquire
                                    D.C. Bar No. 318212
                                    Counsel for Plaintiff,
                                    Leroy Montgomery

                                    Law Offices of Neal A. Sanders
                                    1924 North Main Street Ext.
                                    Butler, Pennsylvania 16001

                                    (724) 282-7771

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY MONTGOMERY, | : |
| | : Civil Action No. 07-2234(EGS) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PENSION BENEFIT GUARANTY CORPORATION, | : |
| | : Electronically Filed |
| Defendant. | : |

**ORDER OF COURT**

AND NOW, this ____ day of ____, 2008, upon due consideration of the Defendant's Motion for Summary Judgment and Plaintiff's Opposition thereto, it is hereby ORDERED that said Motion is denied.

BY THE COURT,

_____J.