UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY MONTGOMERY, )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>PENSION BENEFIT GUARANTY )<br>CORPORATION )<br>)<br>    Defendant. )<br>_____) | Case No. 07-CV-02234 |

### REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action under the Administrative Procedure Act (the "APA")[1] in which Plaintiff is asking the Court to find that PBGC acted arbitrarily, capriciously, or not in accordance with law when it determined that Plaintiff did not meet the requirements to receive a pension under the terms of the terminated LTV Steel Hourly Pension Plan (the "Plan"), the successor to the Pension Plan for Hourly Employees of Youngstown Sheet and Tube Company and Affiliates (the "YS&T Plan").  PBGC filed a motion for summary judgment on May 1, 2008, in which it demonstrated that PBGC's determination was based on a straight-forward application of the unambiguous terms of the YS&T Plan, and that the determination was fully supported by the administrative record.  In his opposition to PBGC's motion, Plaintiff has failed to show that there is a genuine issue of material fact with regard to this determination.

In opposing a motion for summary judgment, the non-moving party may not rest on the mere allegations or denials in its pleading, but must set forth specific facts, in the

---

[1] 5 U.S.C. §§ 551 et seq.

form of affidavits or other evidence capable of being converted into admissible evidence, showing that there is a genuine issue for trial.[2] Thus, the mere allegation of a factual dispute will not defeat a properly supported motion for summary judgment, as Rule 56(e) requires the opposing party to go beyond the pleadings.[3]

Here, Plaintiff has failed to meet his burden under Rule 56(e). He did not set forth any specific facts, let alone facts supported by affidavits or other evidence. In his opposition to PBGC's Motion for Summary Judgment, Plaintiff merely repeats general allegations made in his administrative appeal and in his Complaint that he worked sufficient overtime hours to entitle him to a pension, and that other employees with fewer years of service are receiving a pension benefit. He then makes a new and unsupported allegation, not raised in his administrative appeal or his Complaint, that the YS&T Plan's practice was to calculate a participant's years of continuous service based on the total number of hours worked rather than on the number of calendar years the individual was employed.[4] Plaintiff did not provide a single affidavit or any other evidence to support any of these allegations. Rather, Plaintiff would have this Court remand the case to PBGC and order the agency to search for evidence that he is lacking.[5]

Under the APA, agency action must be upheld unless it is arbitrary, capricious or contrary to law. Additional explanation for an agency decision is necessary only when the administrative record fails to explain an agency action or if the reviewing court cannot evaluate the challenged agency action on the basis of the administrative record

---

[2] Fed. R. Civ. P. 56(e); *Greer v. Paulson,* 505 F. 3d 1306, 1315 (D.C. Cir. 2007); *Gleklen v. Democratic Congressional Campaign Comm.,* 199 F. 3d 1365, 1369 (D.C. Cir. 2000); *Sellmon v. Reilly*, __ F. Supp. 2d ___, 2008 WL 1933759, *20 (D.D.C. 2008).
[3] *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).
[4] Plaintiff's Opposition Brief at 8.
[5] *Id.* at 9.

before it.[6]  Here, the administrative record fully supports PBGC's determination.  The determination was based on the unambiguous terms of the Pension Agreement for Employees of Youngstown Sheet and Tube Company (the "YS&T Pension Agreement"), the governing document for the YS&T Plan.[7]  Section 2.6 of the YS&T Pension Agreement requires that a participant have at least 15 years of continuous service in order to receive a benefit.[8]  Continuous service includes all days worked from the date of hire through the date employment ceased.[9]  Nothing in the definition of continuous service refers to hours of service.  In fact, the term hour does not appear anywhere in the YS&T Pension Agreement.  Because Mr. Montgomery had only 13 years and 9 months of continuous service, PBGC determined that he is not entitled to a benefit.[10]

In his Opposition Brief, Plaintiff asserts, without any evidence, that it was a practice of Youngstown Sheet and Tube Company ("YS&T") to calculate a participant's years of continuous service based on the total number of hours worked rather than on the number calendar years the individual was employed.[11]  This is a new allegation not raised either in his administrative appeal or his Complaint. Despite the fact this argument was never presented to PBGC, Plaintiff argues that the administrative record is not complete because PBGC did not investigate whether such a practice existed.[12]

---

[6] *Florida Power & Light Co. v. Lorian*, 470 U.S. 729, 744 (1985), *Camp v. Pitts*, 411 U.S. 138, 142-143 (1973).
[7] Admin. Rec. at 122 - 151.
[8] *Id.* at 137.
[9] *Id.* at 145.
[10] The determination is consistent with the record of employment on Plaintiff's application for pension benefits, dated June 10, 1991, *id.* at 7, which he submitted to PBGC.  The application shows the dates that Plaintiff worked for YS&T. *Id.*  Consistent with the terms of the YS&T Plan, continuous service was calculated by the number of years Plaintiff worked from the date he was hired to the date he ceased employment. *Id.*
[11] Plaintiff's Opposition Brief at 8.
[12] *Id.*

3

In his administrative appeal, Plaintiff gave four independent reasons for why he believes he is entitled to a pension, none of which mentioned anything about YS&T's practice.[13] He now argues that PBGC should have discerned that he was "in essence" claiming that YST's practice was to calculate continuous service based on the number of hours worked.[14] He states that PBGC should obtain and examine records of all employees who retired from YS&T over 35 years ago to see if any of them are receiving benefits with fewer than 15 years of service.[15] Remarkably, although he offered no evidence that he even worked overtime hours, he also asserts that the administrative record is incomplete because PBGC made its determination without "developing information concerning his overtime hours."[16]

These arguments have no merit. The administrative record contains the YS&T Pension Agreement and all other relevant documents showing that Plaintiff did not have sufficient service to receive a benefit under the terms of the YS&T Plan. Also included in the administrative record is PBGC's determination letter which specifically informed Plaintiff that "PBGC will always, even after an appeal is closed, consider any new, specific evidence."[17] If Plaintiff believed that PBGC's determination failed to consider a practice in existence at YS&T, he had ample opportunity to provide such evidence to PBGC as part of his administrative appeal. Plaintiff's argument that the record is incomplete is tantamount to saying that PBGC must prove that his unsupported

---

[13] In his administrative appeal, Plaintiff stated that he believed he was qualified for a pension under the YS&T Plan because: 1) He had enough overtime hours to qualify for the 15 years of service requirement; 2) He served in the U.S. Military from 1950 to 1953 and in the reserves from 1953 to 1959; 3) He retired on disability in 1990, before he turned 65; and 4) Others who have worked at LTV for fewer years than he are receiving pensions. Admin. Rec. at 19.
[14] Plaintiff's Opposition Brief at 8.
[15] *Id.*
[16] *Id.*
[17] Admin. Rec. at 30.

4

allegations are not correct.  This is not required under the APA.  Nor does this argument meet Plaintiff's burden under Rule 56(e).

PBGC's determination is fully supported by the administrative record, and was clearly not arbitrary and capricious. Plaintiff has presented no specific facts, and no affidavits or other evidence to the contrary.[18]  Accordingly, there is no genuine issue of material fact and the court should grant summary judgment in favor of PBGC.

Respectfully submitted,

_/s/ Nicole C. Hagan_____
JUDITH R. STARR
General Counsel
PHILIP R. HERTZ
Deputy General Counsel
KENNETH J. COOPER
Assistant General Counsel
BRUCE H. JAMES, DC Bar #416759
NICOLE C. HAGAN, DC Bar #482274
Attorneys
PENSION BENEFIT GUARANTY
CORPORATION
1200 K Street, N.W.
Washington, D.C.  20005-4026
Tel: (202) 326-4400, ext. 6543
Fax: (202) 326-4122

---

[18]   In his Complaint, Plaintiff made an additional allegation that the 15 year vesting requirement was unreasonable and unconscionable as it was not disclosed to participants.  In its motion for summary judgment, PBGC demonstrated that this argument was not presented in the administrative appeal and that there was no genuine issue of material fact.  Plaintiff did not address this claim in his opposition.  Accordingly, summary judgment should be granted on this issue in addition to the issues discussed above.  Complaint at ¶ 13c.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 27th day of June, 2008 a true and correct copy of the foregoing Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment was served electronically to the following:

Neil A. Sanders, Esq.
Law Offices of Neal A. Sanders
1924 North Main Street Ext.
Butler, Pennsylvania 16001

      ___/s/ Nicole C. Hagan_____
Nicole C. Hagan, DC Bar #482274
Pension Benefit Guaranty Corporation
Office of the General Counsel
1200 K St. NW
Washington, DC 20005
(202) 326-4400 ext. 6543